353 P.2d 463

Charles Lynn ALLEMAN, as Administrator of the Estate of Hannah H. Alleman, and Charles A. Alleman, sometimes known as Charles Albert Alleman, both deceased, Plaintiff and Appellant,

v.

Jefferson K. MINER and his wife, Margaret L. Miner, Board of Education of the Nebo School District, a body corporate, and the Love Company, Inc., a corporation, Defendants and Respondents.

No. 8883.

Supreme Court of Utah.

June 30, 1960.

Elias Hansen, Salt Lake City, for appellant.

Cullen Y. Christenson, Provo, for respondent.

McDONOUGH, Justice.

Plaintiff sued to quiet title to a strip of land six feet wide fronting on Main Street in Springville, Utah. The land lies between a piece owned by the defendants, Miners, and land owned by the defendant, Love Company, Inc. The Miners defended and counterclaimed under the Occupying Claimant Statute [1] for improvements to the land. The trial court found title to the land in plaintiff Alleman but granted Miners their counterclaim. Plaintiff appeals from the latter determination.

In 1956 the Miners received a warranty deed to their property and it purported to convey the disputed six feet. The Miners, the Love Company and Alleman all assumed that the Miners' property extended to that of the Love Company. However, just prior to the institution of this suit, Mr. Alleman discovered that he had record title to this disputed land.

The changes made on the land by the Miners which are conceded to be improvements are these: they gained permission to, and rerouted a four-foot irrigation ditch, cleared the land of trees annd brush, filled in the ditch, leveled the land, and blacktopped it. These improvements and the blacktopping were made at the same time the Miners improved their own land in connection with a service station which they constructed. The value of the land was found to be $63.70; the value of the improvements was found to be $254.80.

Alleman apprehended that the boundary to the Miners' property was not where Mr. Miner thought it was, and he twice warned Miner to this effect. Because of these warnings Miners had a survey made to determine the boundaries of their land as purported by the deed, and then talked to the officials of the Love Company to see if they disagreed with the results of the survey, which they did not. They then purchased title insurance.

Upon the trial the plaintiff prevailed as to the ownership of the land and prepared the findings for the trial court. He now seeks reversal of the judgment that he pay the Miners for improvements constructed as occupying claimants, basing his attack primarily upon the ground that the findings do not contain express recitals that the Miners placed the improvements on the property in good faith, nor that they had color of title. The answer to this is found in the fact that they are conditions necessary to the Miners' right of recovery under the statute. The determination that they were entitled to

1. Title 57, Chapter 6, U.C.A.1953.

358

recover necessarily presupposes the trial court's finding in their favor of those issues. The record shows that those issues were actually litigated at the trial and that the evidence supports the trial court's conclusions.

■ On the question of good faith Mr. Alleman contends that after notice that the boundary was in dispute Miners were under a duty to have the title researched and to get a legal opinion thereon, whereas, instead of doing so, they procured a policy of title insurance, which Alleman argues is probative of bad faith. We do not agree that defendants' getting title insurance would warrant a finding of bad faith. This is particularly true when it is considered in connection with Mr. Miner's other conduct, including inquiry as to the location of the true boundary when the dispute arose.

■■ The final point we deem it necessary to treat is whether the trial court erred in excluding plaintiff's proffered evidence of an agreement between himself and the defendant, Love Company, for exchange of the disputed strip for one of equal size adjoining the Love Company's property on the south. We think the trial court was correct in sustaining the objection to this evidence. Its purpose was to show a special value to the plaintiff Alleman. The doctrine underlying the Occupying Claimant Statute arose from equity's attempt to make some fair and reasonable adjustment of a mistake made in good faith. Alleman knew that the Miners were making these improvements. On the other hand, the Miners did not know of any unique value the land may have had to Alleman, nor was any such value reasonably discoverable by them. The statute, Sec. 57-6-3, U.C.A.1953, requires that if the owner retains the property, he shall "pay the appraised value of the improvements." This was properly regarded by the trial court as being the fair market value in the usual understanding of that term and not as including any special concealed value it may or may not have had.

Affirmed. No costs awarded.

CROCKETT, C. J., and WADE and CALLISTER, JJ., concur.

HENRIOD, J., does not participate herein.